**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 19 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

CHARLES MATELSKY,

      Plaintiff - Appellant,

vs.

PAULA GUNN; BRIAN OWEN;
STEPHEN KAISER,

      Defendants - Appellees.

No. 00-7097
(D.C. No. 99-CV-324-S)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.[**]

      Plaintiff-Appellant Charles Matelsky, an inmate appearing pro se, appeals

from the district court's order dismissing his complaint as frivolous. Our

jurisdiction arises under 28 U.S.C. § 1291, and we affirm.

---

     [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

     [**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

## Background

Charles Matelsky suffers from depression. To treat this condition, he receives small doses of medication from a prison psychiatrist on an as-needed basis. On several occasions, Mr. Matelsky has saved these doses and then taken large amounts of medication at once. He had been informed that hoarding his prescription medication was a form of substance abuse that would result in his exclusion from the prison's voluntary substance abuse program, the Therapeutic Community ("TC Program").

In April 1999, Mr. Matelsky's depression worsened and he became unresponsive and incoherent. Paula Gunn, the TC Program's Substance Abuse Counselor, suspected that Mr. Matelsky was abusing his medication and attempted to confront him, but he was not receptive. In a final attempt to address the problem, Ms. Gunn arranged a confrontation meeting with Mr. Matelsky and other staff members. When Mr. Matelsky began to leave the meeting, Ms. Gunn informed him that walking out would be considered a voluntary resignation from the TC Program. He left anyway.

To contest his exclusion from the Program, Mr. Matelsky filed this action under 42 U.S.C. § 1983, naming Stephen Kaiser (the Warden), Brian Owen (the Addictions Treatment Manager), and Ms. Gunn as defendants, and seeking monetary damages and injunctive and declaratory relief. Mr. Matelsky's

complaint alleged that his exclusion from the Program violated his constitutional rights under the Eighth Amendment and under the Due Process and Equal Protection Clauses of the Fourteenth Amendment. He also asserted a pendent state claim for intentional infliction of emotional distress. Defendants' filed a motion to dismiss the complaint as frivolous, see 28 U.S.C. § 1915(e)(2), or for failure to state a claim, see Fed. R. Civ. P. 12(b)(6), which the court converted to a motion for summary judgment. See Fed. R. Civ. P. 12(b). The court then dismissed the complaint as frivolous and overruled "all pending motions . . . as moot." Doc. 28 at 7. This appeal followed.

## Discussion

We construe the district court's order as dismissing Mr. Matelsky's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), and review solely for an abuse of discretion.[1] McWilliams v. State of Colo., 121 F.3d 573, 574-75 (10th Cir.

---

[1] Although the district court cited § 1915(e) as the basis for its disposition, it is arguable that the court acted pursuant to § 1915A(b)(1). See Doc. 28 at 7 (declaring that "all pending motions [were] overruled as moot," presumably including defendants' motion to dismiss under § 1915(e)(2)). We have "not yet determined whether a dismissal pursuant to § 1915A . . . is reviewed de novo or for abuse of discretion." Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000). Because the court cited § 1915(e)(2), and because the dismissal occurred subsequent to service and, in fact, subsequent to the preparation of a court-ordered Martinez report, see Doc. 17, it is unreasonable to construe the dismissal as entered pursuant to § 1915A. See 28 U.S.C. § 1915A(a) (providing for review and dismissal "before docketing, if feasible or, in any event, as soon as

- 3 -

1997).  A complaint is frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Upon consideration, we agree with the district court's conclusion that each of Mr. Matelsky's four claims was frivolous.

Because Mr. Matelsky has no constitutionally protected liberty interest in participating in the voluntary TC Program, his due process claim must fail.  See Sandin v. Conner, 515 U.S. 472, 484 (1995) (holding that inmates' protected liberty interests "will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force, nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life").  Mr. Matelsky's exclusion from the Program has neither restrained his liberty in excess of his sentence, cf. Washington v. Harper, 494 U.S. 210, 221-22 (1990), nor imposed "atypical and significant hardship[s] . . . in relation to the ordinary incidents of prison life."  Conner, 515 U.S. at 484; see also Klos v. Haskell, 48 F.3d 81, 89 (2d Cir. 1995) (holding that prisoner had no liberty interest in remaining in voluntary boot camp program, despite fact that completion of program qualifies inmate for early release), cited with approval in

practicable after docketing").  In any event,      our result would be the same under either standard of review.

- 4 -

Conner, 515 U.S. at 483.[2]  Although the state may create liberty interests not

directly protected by the Constitution, Mr. Matelsky has cited no Oklahoma

statutes or prison regulations that might give rise to such an interest.  Cf. Conner,

515 U.S. at 483-84.  Mr. Matelsky's substantive due process claim is equally

meritless.  Aplt. Br. at 4 (alleging denial of substantive due process in that "Paula

Gunn was not adequately qualified as a Substance Abuse Counselor, and was

guilty of malpractice, negligence, and fraud").

As to the equal protection claim, Mr. Matelsky has failed to allege any

differential treatment – much less differential treatment of a constitutional

magnitude – nor has he alleged a deprivation of any fundamental right.  His

conclusory allegation that "[o]bviously, if the Plaintiff is claiming that he was

---

[2] Mr. Matelsky's brief to this court argues that his termination from the Program constituted a disciplinary action in that his "Earned Credit Level was dropped to the lowest level (Level 1) such that he no longer received earned credits."  Aplt Br. at 4; see also Okla. Stat. tit. 57, § 138(D) (West 1999) (defining Class level 1 as including "inmates refusing job, education, or program assignments, inmates removed from job, education, or program assignments due to misconduct or nonperformance, or inmates subject to disciplinary action," and providing that inmates in Class 1 receive "0 Credits per month").  Given the explicit disclaimer in Mr. Matelsky's complaint that he is "not . . . complaining about loss of earned credits in this action," Doc. 1 at 4a, as well as the district court's failure to address the issue, see Doc. 28, the significance of the petitioner's earned credit level is not properly before the court.  Smith v. Sec'y of N.M. Dep't of Corr., 50 F.3d 801, 814 n. 22 (10th Cir. 1995).  Cf. Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994) (holding that a prisoner has no constitutionally-based liberty interest in a particular "prison classification . . . because [an inmate] is not entitled to a particular degree of liberty in prison").

discriminated against, he is claiming that he was treated differently than other inmates," is insufficient. Obj. to Def. Mot. to Dismiss, Doc. 18 at 10. In the absence of any specific allegations of differential treatment, the Equal Protection claim is patently inadequate under any of the three equal protection theories – fundamental rights, suspect classification, or "class of one" – and was properly dismissed as frivolous. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000) ("Our cases have recognized successful equal protection claims brought by a 'class of one,' where the plaintiff alleges that she has been intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment.") (emphasis added); Heller v. Doe, 509 U.S. 312, 319-320 (1993) ("[A] classification neither involving fundamental rights nor proceeding along suspect lines . . . cannot run afoul of the Equal Protection Clause if there is a rational relationship between disparity of treatment and some legitimate governmental purpose.") (citations omitted, emphasis added).

Third, "it has been established that prison officials violate the Eighth Amendment only when they are deliberately indifferent to the serious medical needs of prisoners in their custody." Oxendine v. Kaplan, 241 F.3d 1272, 1276 (10th Cir. 2001) (emphasis added) (internal quotations, alterations, and citations omitted). Limiting our review to the face of the complaint, Mr. Matelsky has not alleged a serious medical need to participate in the TC Program, nor has he

alleged that the defendants refused to supply him with necessary medication. Without such critical allegations, his Eighth Amendment claim is clearly frivolous.

Finally, Mr. Matelsky's pendent state claim is barred by 42 U.S.C. § 1997e(e), which provides that no "civil action may be brought by a prisoner . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury." As Mr. Matelsky has failed to allege that he sustained any physical injury, his pendent claim is frivolous as well.

For the foregoing reasons, the district court's order is AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge