**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

COREY MAURICE TREADWELL,

    Plaintiff - Appellant,

v.

R. E. HOLT, Warden, USP-FLR; MS.
JOHNSON, Current case manager
coordinator, USP-FLR; K.
KISSINGER, Current B/C unit
manager, USP-FLR; M. L. MENDEZ,
Current case manager, USP-FLR,

    Defendants-Appellees.

No. 01-1368
(D.C. No. 01-Z-450)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.[**]

---

    Corey Treadwell, a federal prisoner proceeding pro se, brought this civil

rights action pursuant to <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of</u>

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. <u>See</u> Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Narcotics, 403 U.S. 388 (1971), seeking only money damages. Mr. Treadwell asserts various violations related to his classification and placement within the federal penal system. He seeks to appeal the district court's dismissal of his claim. We deny leave to proceed in forma pauperis and dismiss this appeal on the ground that it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This dismissal counts as a "prior occasion" or "strike" for the purposes of the "three strikes" provision of the Prison Litigation Reform Act (PLRA), as set forth in 28 U.S.C. § 1915(g). We note that Mr. Treadwell has at least one other "prior occasion" or "strike" under § 1915(g) in a companion appeal. Treadwell v. Bureau of Prisons, No. 01-1366 (10th Cir. Mar. 8, 2002). This court has assessed partial payments on the appellate filing fee; with our denial of leave to proceed in forma pauperis Mr. Treadwell is responsible for the immediate payment of the unpaid balance due.

Mr. Treadwell argues that prison officials violated his due process rights when they wrongly based his classification and placement on a nonviolent juvenile robbery offense, and consequently placed him in a facility with greater security than he merited. He further alleges that a lack of safety in his prison facility violates his rights under the Eighth Amendment. This court construes pro se complaints liberally. Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999). We extend this liberal construction principle to pro se appellate filings as well.

- 2 -

See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998), cert. denied 526 U.S. 1052 (1999).

"No action shall be brought with respect to prison conditions under...any...Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Mr. Treadwell does not allege that he has exhausted, or made any effort to exhaust administrative remedies regarding the Eighth Amendment claim. Nor has he exhausted administrative remedies on the due process claims. He filed an initial grievance and then filed an untimely appeal with the Bureau of Prisons (BOP). Mr. Treadwell's obligation to exhaust administrative remedies abides though he seeks only money damages. Booth v. Churner, 532 U.S. 731 (2001). Contrary to his contentions, the rule prescribed by the Supreme Court in Booth does have retroactive effect, and does not violate the Ex Post Facto Clause of the Constitution. "When [the Supreme Court] applies a rule of federal law to parties before it, that rule is the controlling interpretation of federal law and must be given full retroactive effect in all cases still open on direct review and as to all events, regardless of whether such events predate or postdate [the] announcement of the rule." Talley v. Hesse, 91 F.3d 1411, 1413 (10th Cir. 1996) (quoting Harper v. Virginia Dep't of Taxation, 509 U.S. 86, 97 (1993)). Because Treadwell failed to exhaust his administrative remedies, his

Eighth Amendment claims were rightfully dismissed without prejudice.

We turn next to his due process claims. Pursuant to 28 U.S.C. 1915A(b), the district court is required to review complaints from prisoners seeking redress from officers or employees of a governmental entity and determine if the complaint is frivolous. The district court determined that Mr. Treadwell's due process claims were frivolous. While this court has not yet determined whether a dismissal pursuant to § 1915A(b) on the ground that the complaint is legally frivolous is reviewed de novo or for an abuse of discretion, Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000), our result would be the same under either standard. We agree that the allegedly mistaken classification and placement of Mr. Treadwell does not implicate a liberty interest created under the Constitution. This is so because prisoners are not entitled to any particular degree of liberty. Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). Nor does Mr. Treadwell's classification or placement impose any atypical or significant hardship upon him in relation to the ordinary incidents of prison life, Sandin v. Conner, 515 U.S. 472, 485 (1995), or threaten to lengthen his term of confinement, id. at 487. Rather, it is the type of decision best left to the discretion of prison officials. Meachum v. Fano, 427 U.S. 215, 228-29 (1976). The district court correctly characterized these due process claims as frivolous.

Mr. Treadwell sought leave from the district court to proceed in forma

- 4 -

pauperis on appeal, but the district court denied his request pursuant to 28 U.S.C. § 1915(a)(3). Because Mr. Treadwell's appeal fails to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir.1991), we DENY him leave to proceed on appeal in forma pauperis, order him to render immediate payment of the unpaid balance due on the filing fee, and DISMISS the appeal. This dismissal counts as a "prior occasion" or "strike" for the purposes of the "three strikes" provision of the PLRA.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge