**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 12 2000**

**PATRICK FISHER**
**Clerk**

PUBLISH

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

GERALD FRANK PLUNK,

        Plaintiff-Appellant,

v.

TRUDY GIVENS, LEE GREEN,

        Defendants-Appellees.

No. 00-1375

---

Appeal from the United States District Court
for the District of Colorado
(D.C. No. 00-Z-1578)

---

Gerald Frank Plunk, *pro se*.

---

Before **BRORBY**, **KELLY**, and **MURPHY**, Circuit Judges.

---

**MURPHY**, Circuit Judge.

---

    Gerald Frank Plunk, a federal prisoner proceeding *pro se*, appeals the

district court's dismissal of his federal civil rights complaint, which complaint

Plunk filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau*

*of Narcotics*, 403 U.S. 388 (1971). In his complaint, Plunk alleged that Trudy Givens and Lee Green violated his constitutional right to due process during prison disciplinary proceedings instituted by Givens and presided over by Green as hearing officer.

The district court dismissed Plunk's complaint pursuant to 28 U.S.C. § 1915A(b) on the ground that the complaint was legally frivolous. In so doing, the district court concluded that Plunk was provided with advance notice of the charges, furnished an opportunity to present a defense, and given a written statement of the reasons for the disciplinary decision. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974). The district court further concluded that the disciplinary conviction complied with the requirements of the Due Process Clause because it was supported by some evidence. *See Superintendent, Mass. Correctional Inst. v. Hill*, 472 U.S. 445, 454 (1985).

On appeal, Plunk argues the district court erred in the following four particulars: (1) dismissing the complaint pursuant to § 1915A when he was not proceeding *in forma pauperis*; (2) dismissing the complaint without a hearing; (3) analyzing the propriety of his conviction utilizing *Hill*'s "some evidence" standard; and (4) concluding that the disciplinary conviction was supported by some evidence. This court exercises jurisdiction pursuant to 28 U.S.C. § 1291 and **affirms**.

This court begins by rejecting Plunk's assertion that the district court was not empowered to dismiss his complaint pursuant to § 1915A because he was not proceeding *in forma pauperis*. Plunk's argument is at odds with the plain language of § 1915A:

> **(a) Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> **(b) Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(a), (b). "The statutory language clearly authorizes screening regardless of the prisoner litigant's fee status." *Rowe v. Shake*, 196 F.3d 778, 781 (7th Cir. 1999). Accordingly, this court joins the Second, Fifth, Sixth, and Seventh Circuits in holding that § 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee. *See Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999); *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998), *cert. denied*, 119 S. Ct. 2405 (1999); *Benson v. O'Brian*, 179 F.3d 1014, 1017 (6th Cir. 1999); *Rowe*, 196 F.3d at 781.

-3-

We likewise reject Plunk's assertion that he was entitled to a hearing before the district court dismissed his complaint pursuant to § 1915A. "The procedure required by § 1915A is by its terms a screening process, to be applied *sua sponte* and as early as possible in the litigation." *Carr*, 171 F.3d at 116. This court specifically agrees with the Second Circuit that the plain language of § 1915A makes clear that the "statute . . . does not require that process be served or that the plaintiff be provided an opportunity to respond before dismissal." *Id.*

Plunk asserts that the district court erred in utilizing *Hill*'s "some evidence" standard in determining whether Plunk's disciplinary conviction complied with the dictates of due process. In so arguing, Plunk relies on the opinion of the Vermont Supreme Court in *LaFasco v. Patrissi*, 633 A.2d 695 (Vt. 1993) and the dissenting opinion of Judge Heaney in *Goff v. Dailey*, 991 F.2d 1437 (8th Cir. 1993). Plunk's reliance on these cases, however, is completely misplaced. In both opinions cited by Plunk, the question at issue was the standard that prison disciplinary hearing officers should employ when acting as a factfinder. *See LaFasco*, 633 A.2d at 697 ("We conclude that *Hill* described the appropriate standard for judicial review of the actions of prison authorities, not the proof necessary for a fact-finder to find that an inmate violated a disciplinary rule. Thus, the decision resolved only the point on which the parties agree in this case—there must be some evidence of guilt as found by an independent

observer."); *Goff*, 991 F.2d at 1442-43 & n.1 (Heaney, J., dissenting) ("This appeal presents an issue of first impression in the courts of appeals: can a prison disciplinary board find an inmate guilty of violating a prison rule or regulation on something less than a preponderance of the evidence?"). These cases do not speak at all to the question of what standard a federal court should employ in determining whether a prison disciplinary conviction complies with the mandates of the Due Process Clause. In fact, it is absolutely clear in this Circuit that *Hill*'s "some evidence" standard governs that determination. *See Mitchell v. Maynard*, 80 F.3d 1433, 1445 (10th Cir. 1996).

The district court determined that Plunk's *Bivens* complaint was legally frivolous because, *inter alia*, it was absolutely clear from Plunk's filings that the prison disciplinary conviction was supported by some evidence. As noted in a non-binding, unpublished order and judgment, this court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed *de novo* or for abuse of discretion. *See Basham v. Uphoff*, No. 98-8013, 1998 WL 847689, at *4 n.2 (10th Cir. Dec. 8, 1998) (unpublished disposition cited merely for the purpose of providing background pursuant to 10th Cir. R. 36.3). This court need not resolve that question at this juncture, however, because our review of the entire record in this case, including the district court's extremely thorough order of dismissal, reveals no hint of

reversible error under either standard. The appellate record, which includes a copy of Plunk's pleadings before the district court, conclusively demonstrates that Plunk's disciplinary conviction is supported by some evidence.

For those reasons set forth above, the district court's order of dismissal pursuant to § 1915A is hereby **AFFIRMED**.