**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 8 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

COREY MAURICE TREADWELL,

     Plaintiff - Appellant,

v.

BUREAU OF PRISONS, Washington,
D.C.; R. E. HOLT, Warden, USP-FLR;
PAUL LAIRD, AW of Operations,
USP-FLR; RUSSELL A. PERDUE,
Former B/C unit manager; Seagoville,
TX; K. KISSINGER, Former B/C unit
manager; C. DE'HERRERA, Former
case manager, central office,
Washington, D.C.; M. L. MENDEZ,
Current case manager, USP-FLR;
RICHARD L. HUFF, Co-Director,
Freedom of Information Appeal,
Wash. D.C.; FOSTER-JOHNSON,
Current Case Manager Coordinator,
USP-FLR; G. L. HERSHBERGER,
Regional Director, K.C.,

     Defendants - Appellees.

No. 01-1366
(D.C. No. 01-Z-449)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

---

    [*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. This court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **KELLY**, and **LUCERO**, Circuit Judges.***

---

Corey Treadwell, a federal prisoner proceeding pro se, brought claims under the Privacy Act and Freedom of Information Act against the Bureau of Prisons (BOP) for alleged violations arising from his incarceration at the United States Penitentiary in Florence, Colorado. The district court dismissed these claims as frivolous under 28 U.S.C. § 1915A(b) and Mr. Treadwell seeks to appeal.

We deny leave to proceed in forma pauperis and dismiss this appeal on the ground that it is frivolous. See 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This dismissal counts as a "prior occasion" or "strike" for the purposes of the "three strikes" provision of the Prison Litigation Reform Act (PLRA), as set forth in 28 U.S.C. § 1915(g). We note that Mr. Treadwell has at least one other "prior occasion" or "strike" under § 1915(g) in a companion appeal. Treadwell v. Holt, No. 01-1368 (10th Cir. Mar. 8, 2002). This court has assessed partial payments on the appellate filing fee; with our denial of leave to proceed in forma pauperis Mr. Treadwell is responsible for the immediate payment of the unpaid balance due.

---

*** After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Mr. Treadwell argues that prison officials erroneously based his classification in part on a nonviolent 1987 juvenile robbery offense. He claims that consequently, he was placed in a higher security facility than was warranted and that, were he to be correctly reclassified, prison officials would transfer him to a facility with lesser security.

This court construes pro se complaints liberally. Hunt v. Uphoff, 199 F.3d 1220, 1223 (10th Cir. 1999). We extend this liberal construction principle to pro se appellate filings as well. See Cummings v. Evans, 161 F.3d 610, 613 (10th Cir. 1998), cert. denied 526 U.S. 1052 (1999). While this court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for an abuse of discretion, Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000), our result would be the same under either standard.

Mr. Treadwell brings these claims pursuant to the Privacy Act, though he apparently also alleges that they violate his constitutional rights. Mr. Treadwell additionally asserts a Freedom of Information Act claim, which the district court properly dismissed because it did not involve the BOP, the only agency named as a defendant.

Pursuant to 28 U.S.C. § 1915A(b), the district court is required to review complaints from prisoners seeking redress from officers or employees of a

governmental entity and to dismiss the complaint, or any portion thereof, that is legally frivolous. The district court determined that his claim was frivolous. We agree.

First, a successful claim against an administrative agency under the Privacy Act requires an allegation that the agency failed to maintain accurate records, leading to a determination adverse to the plaintiff. 5 U.S.C. § 552a(g)(1)(C). Treadwell agrees that he was convicted of robbery in 1987 as a juvenile and that the conviction accurately appears on his record. He disagrees with the way the BOP uses the information in his record, not the accuracy of the record itself. Therefore, even if the BOP improperly used this information, that do not amount to a violation of the Privacy Act and his claim was rightfully dismissed.

Furthermore, insofar as these claims can be classified as constitutional claims, the allegedly mistaken classification and placement of Treadwell do not implicate a liberty interest created under the Constitution because prisoners are not entitled to any particular degree of liberty. Templeman v. Gunter, 16 F.3d 367, 369 (10th Cir. 1994). Nor does Treadwell's classification or placement impose any atypical or significant hardship upon him in relation to the ordinary incidents of prison life, Sandin v. Conner, 515 U.S. 472, 480 (1995), or threaten to lengthen his term of confinement, id. at 487. Rather, it the type of decision best left to the discretion of prison officials. Meachum v. Fano, 427 U.S. 215,

228-29 (1976). The district court properly dismissed this claim as frivolous pursuant to 28 U.S.C. § 1915A(b).

Mr. Treadwell sought leave from the district court to proceed in forma pauperis on appeal, but the district court denied his request pursuant to 28 U.S.C. § 1915(a)(3). Because Mr. Treadwell's appeal fails to present a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal," DeBardeleben v. Quinlan, 937 F.2d 502, 505 (10th Cir.1991), we DENY him leave to proceed on appeal in forma pauperis, order him to render immediate payment of the unpaid balance due on the filing fee, and DISMISS the appeal. This dismissal counts as a "prior occasion" or "strike" for the purposes of the "three strikes" provision of the PLRA.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge