F I L E D
United States Court of Appeals
Tenth Circuit

JUN 27 2003

PATRICK FISHER
Clerk

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

STEVEN KENT BLOOM,

    Plaintiff-Appellant,

v.

CHARLES E. ANDREWS, JR., in his
individual capacity and in his official
capacity as Judge of Division IX,
Third Judicial District, Shawnee
County, KS; JOYCE D. REEVES, in
her official capacity as Clerk of the
Third Judicial District, Shawnee
County, KS; THEODORE D.
ENSLEY, in his official capacity as
Senior Member of the Shawnee,
County Commission; SHAWNEE
COUNTY, KANSAS; ALLEN
MORGAN, in his individual capacity
and in his official capacity as
Classification Administrator of the
Topeka Correctional Facility, R.D.U.,
Kansas Department of Corrections;
DEBORAH McGEE, in her individual
capacity and in her official capacity as
Reception and Diagnostic Specialist of
the Kansas D.O.C.; CHARLES E.
SIMMONS, in his official capacity as
Secretary of Corrections of the Kansas
D.O.C.; The KANSAS
DEPARTMENT OF CORRECTIONS;
STATE OF KANSAS,

    Defendants-Appellees.

No. 02-3366
(Kansas)
(D.Ct. No. 02-CV-3043)

# ORDER AND JUDGMENT[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Pursuant to the screening provisions of the Prison Litigation Reform Act, 28 U.S.C. §1915A, the district court dismissed sua sponte prisoner Steven K. Bloom's 42 U.S.C. § 1983 complaint filed against various Shawnee County officials, a state judge, and others within the Kansas Department of Corrections, claiming a violation of his constitutional rights. Mr. Bloom, a state prisoner, appeals the dismissal pro se.[1] Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Mr. Bloom's complaint, as well as his brief on appeal, are nearly incomprehensible. The district court charitably construed his complaint as

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] We liberally construe pro se pleadings. *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).

seeking declaratory judgment and damages for alleged violations of his civil rights under the Eighth Amendment and the Due Process Clause. The district court screened Mr. Bloom's allegations in accord with 28 U.S.C. §1915A,[2] attempting to identify any cognizable claim for relief. Finding none, the district court dismissed the complaint, articulating its reasons as follows.

First, to the extent Mr. Bloom seeks correction of his sentence, his civil rights complaint is inappropriate; habeas corpus is the correct vehicle. Second, the state court judge named as a Defendant enjoys absolute immunity from judicial actions. Third, no comprehensible claim for relief was stated with regard to Mr. Bloom's contention that an intentional, clerical error was made when his sentence was documented. Fourth, no viable claim emerged from Mr. Bloom's accusations that his records were intentionally falsified, a psychiatrist's recommendation was ignored, and his medical needs were met with deliberate indifference.[3] The district court stated, and we agree, "the resulting conditions to

---

[2] 28 U.S.C. § 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee. *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000).

[3] For instance, Mr. Bloom appears to accuse prison officials of aggravating conditions of his post traumatic stress syndrome by ignoring a psychiatrist's recommendation that, when in group situations, he should have the opportunity to distance himself from others to avoid conflict. He filed a grievance with the Kansas Department of Corrections, complaining that he should have been placed in maximum not minimum security apparently to effectuate isolation. A classification administrator responded to the grievance, noted that Mr. Bloom had failed to request any relief, and explained that there was no medical diagnosis that would have affected his classification. Mr. Bloom fails to present any facts in his complaint to suggest that the recommendation by the psychiatrist or any medical

which plaintiff claims he was subjected do not suggest that defendants were deliberately indifferent to a serious medical need of plaintiff . . . and are not the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." (*Bloom v. Shawnee County*, No. 02-3043, District Court Order at 4 (Sept. 5, 2002) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Sandin v. Conner*, 515 U.S. 472 (1995)). After parsing the complaint for any possible cause of action, and finding none, the district court concluded Mr. Bloom could not state a factual or legal basis for his damage claim against Shawnee County or its officials.

Dismissal pursuant to § 1915A for failure to state a claim upon which relief can be granted is reviewed de novo. *McBride v. Deer*, 240 F.3d 1287, 1289 (10th Cir. 2001).[4] "'The procedure required by § 1915A is by its terms a screening

---

needs were ignored. He presents no evidence that he is unable to leave group situations when he becomes irritated, and there is nothing in the record to identify what medical needs he sought and allegedly never received.

Mr. Bloom appears fixated on the idea that the psychiatrist's note suggested he be given the opportunity to leave volatile situations should mandate that he be classified to maximum security. As explained by the United States Supreme Court in *Sandin v. Conner*, 515 U.S. 472 (1995), Mr. Bloom's incarceration classification in light of the psychiatrist's recommendation falls quite short of a liberty deprivation. Instead, it sits within the range of administrative decisions made by prison officials to effectuate the "ordinary incidents of prison life." 515 U.S. at 483. No cause of action exists here.

[4] It appears that the district court dismissed for failure to state a claim but occasionally characterized the complaint as frivolous. In *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000), we noted this Court had not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion. Mr. Bloom's complaint fails under either standard.

process, to be applied sua sponte and as early as possible in the litigation.'" *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir. 2000) (quoting *Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999)). Our review of the record substantiates the district court's disposition of this case as one that presents no cognizable claim upon which relief can be granted. To the extent Mr. Bloom's appellate brief could be interpreted to present new ideas as to how his civil rights were violated, we will not consider a new theory mounted for the first time on appeal. *Tele-Communications, Inc. v. Comm'r Int'l Revenue*, 104 F.3d 1229, 1233 (10th Cir. 1997).

Accordingly, we AFFIRM the district court's 28 U.S.C. §1915A dismissal. This appeal is frivolous and is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Dismissal of Mr. Bloom's frivolous appeal counts as a strike pursuant to 28 U.S.C. § 1915(g). Likewise, the district court's dismissal of his complaint for failure to state a claim also counts as a strike. While Mr. Bloom has paid his filing fee, he is reminded that he now has two strikes. If he accrues three strikes, he will be denied *in forma pauperis* status in any civil action filed in a federal court unless he is in imminent danger of physical injury. 28 U.S.C. § 1915(g).

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge