**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 24 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RODOLFO RIVERA,

        Plaintiff-Appellant,

    v.

ANGELA HASSLER, Officer,
Arrowhead Correctional Facility
Housing Officer; CYNTHIA POOL,
Officer, Arrowhead Correctional
Facility Security Officer; CONNIE
NORRIS, Arrowhead Correctional
Facility Librarian,

        Defendants-Appellees.

Nos. 03-1232 and 03-1272

(D. Colorado)

(D.C. No. 03-Z-185)

**ORDER AND JUDGMENT**[*]

Before **EBEL**, **HENRY**, and **HARTZ**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously to decide this case on the briefs without oral argument. *See* Fed. R.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Rodolfo Rivera, formerly a state prisoner at the Fremont Correctional Facility in Canon City, Colorado, appeals the district court's sua sponte dismissal of his complaint filed pursuant to 42 U.S.C. § 1983. Mr. Rivera claims that as a result of defendants' actions, he suffered harm at the hands of his co-inmates and through reclassification to a higher security level. The district court dismissed his claims as frivolous under 28 U.S.C. § 1915A(b)(1).

## I. DISCUSSION

In *Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000), we noted this Court had not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion. We "need not resolve that question at this juncture, however, because our review of the entire record in this case . . . reveals no hint of reversible error under either standard." *Id.* For the reasons stated below, we affirm the district court's dismissal of all of Mr. Rivera's claims, but we note that as to three of the four claims, we affirm the dismissal on the basis that Mr. Rivera has failed to state a claim for which relief can be granted, rather than for filing a frivolous claim.

In his complaint, Mr. Rivera asserted the following claims arising from his incarceration at the Arrowhead Correctional Facility:

(1) In violation of his Eighth and Fourteenth Amendment rights, Defendant Officer Angela Hassler harassed him, teased him, singled him out, and falsely reported him for stalking her. As a result of these comments, he was harassed by co-inmates as a homosexual. The district court rejected this claim, noting that verbal abuse cannot state a constitutional deprivation. In addition, the court noted that transfer to a higher security facility does not subject Mr. Rivera to a significant and atypical hardship. We agree.

The alleged verbal abuse, if true, is deplorable and unprofessional. Although we can imagine situations where verbal abuse might amount to the level of cruel and unusual punishment, we do not believe this case presents such a situation. *Cf. Collins v. Cundy*, 603 F.2d 825, 827 (10th Cir. 1979) (holding sheriff's threat to hang prisoner following prisoner's request to mail some legal correspondence did not amount to cruel and unusual punishment). As to Mr. Hassler's Fourteenth Amendment claim, we note that in the prison context, the due process clause "affords . . . no greater protection" to a prisoner than does the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 327 (1986). Thus, our conclusion that Ms. Hassler's conduct did not amount to cruel and unusual punishment properly disposes of Mr. Rivera's due process claim as well. We hold

that the appellant's complaint has failed to state a claim under § 1983, but we do not hold that the claim was frivolous.

(2) Defendant Connie Norris, the prison librarian, retaliated against Mr. Rivera by denying him access to legal materials, specifically the use of a typewriter. The district court noted that inmates do not have an absolute right to use a typewriter in connection with the right of access to the courts. We agree that this claim is frivolous. *Twyman v. Crisp*, 584 F.2d 352, 358 (10th Cir. 1978) ("Access to the courts does not include a federally protected right to use a typewriter.").

(3) On October 19, 2001, Officer Pool allegedly singled him out by suggesting he "think twice" about sitting in a particular location. Rec. doc. 1, att. 6. He then got up and moved tables. In his appellate brief he states that Officer Pool "ordered" him to move tables, thus precluding him from engaging in Fellowship with the Praise and Worship team during dinner. Aplt's Br. at 6. On appeal Mr. Rivera suggests that these actions violated his First Amendment right to the free exercise of religion and served as retaliation for his previous reporting of Officer Hassler, in violation of his Eighth and Fourteenth Amendment rights. Mr. Rivera gives no indication of how his moving dinner tables violated his free exercise of religion and supplies only conclusory allegations. Mr. Rivera has failed to state a claim as to a violation of § 1983.

(4) Mr. Rivera also contends that all of the defendants falsely accused him of being a stalker, which resulted in his transfer to another facility, his placement in a higher security unit, and his categorization as a candidate for participation in sex offender treatment when he was transferred to the Fremont Correctional Facility. When he was transferred, he was evaluated as a sex offender, but notably not categorized as one. The facility also recommended he participate in the sexual offender treatment program.

Mr. Rivera alleges no "specific facts showing retaliation because of the exercise of [his] constitutional rights," *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998) (internal quotation marks omitted). As we have previously stated, "[t]he due process rights of prisoners are subject to reasonable limitation or restriction in light of the legitimate security concerns of the institution, and 'the transfer of an inmate to less amenable and more restrictive quarters for nonpunitive reasons is well within the terms of confinement ordinarily contemplated by a prison sentence.'" *Penrod v. Zavaras*, 94 F.3d 1399, 1406 (10th Cir. 1996) (quoting *Hewitt v. Helms*, 459 U.S. 460, 468, (1983) (internal citation omitted)); *see also Templeman v. Gunter*, 16 F.3d 367, 369 (10th Cir. 1994) (holding that Colorado prison regulations do not create a liberty interest in an inmate's prison placement classification). We affirm the dismissal of this claim for failure to state a claim.

## II. CONCLUSION

Accordingly, we AFFIRM the district court's dismissal of Mr. Rivera's complaint under § 1915A(b)(1) for failure to state a claim on claims (1), (3), and (4), and for frivolousness for claim (2).

Entered for the Court,


Robert H. Henry
Circuit Judge