**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

ARTHUR BUNDY,

  Plaintiff-Appellant,

v.

JOE STOMMEL; JOSEPH ORTIZ;
MICHAEL DUNLAP; BURL
MCCULLAR; DWIGHT MARTINEZ,

  Defendants-Appellees.

No. 05-1099

District of Colorado

(D.C. No. 04-Z-2490)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

---

Plaintiff Arthur Bundy, a state prisoner in Colorado, filed a pro se civil

rights complaint under 42 U.S.C. § 1983 alleging that prison officials violated his

---

[*]After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination
of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is
therefore submitted without oral argument. This order and judgment is not
binding precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. The court generally disfavors the citation of orders and
judgments; nevertheless, an order and judgment may be cited under the terms and
conditions of 10th Cir. R. 36.3.

right to due process under the Fourteenth Amendment to the United States Constitution. The district court dismissed Mr. Bundy's complaint as legally frivolous under 28 U.S.C. § 1915A, and we **REVERSE**.

## I. Background

Arthur Bundy was convicted of first-degree sexual assault in 1992 and sentenced to 22 years in the Colorado Department of Corrections (DOC). As a Colorado sex offender, he must participate in the Sex Offender Treatment and Monitoring Program (SOTMP) in order to be considered for parole. Mr. Bundy began his treatment in 1999. As part of the second phase of the SOTMP, Mr. Bundy was required to sign a contract agreeing to take recommended psychotropic medication.

As part of his SOTMP treatment, Mr. Bundy saw a DOC psychiatrist and was diagnosed as having obsessive-compulsive disorder with deviant fantasies. The psychiatrist prescribed the medication Zoloft, which Mr. Bundy willingly took with beneficial results. In June of 2002, Michael Dunlap, the SOTMP program coordinator, required Mr. Bundy to begin taking Prozac instead of Zoloft, a change to which Mr. Bundy objected. However, Mr. Bundy "submitted to the administration of Prozac, for fear that his refusal to comply would result in his termination" from the program, thus making him ineligible for parole. Aplt. Br. 5. Mr. Bundy alleges that he suffered numerous negative side effects from

-2-

Prozac, including migraine headaches, rashes, sleeplessness, paranoia, and aggression, and that his later termination from SOTMP for aggressive behavior was caused by the change in medication. After being terminated from SOTMP and transferred to another facility, Mr. Bundy switched back to Zoloft and, he claims, the negative side effects disappeared.

Having exhausted his administrative remedies, Mr. Bundy filed suit in the United States District Court for the District of Colorado, alleging that the requirement of unwanted medication violated his right to due process, and seeking damages from the relevant prison officials under 42 U.S.C. § 1983. Before the defendants had been served with process or filed responsive pleadings, the district court dismissed Mr. Bundy's complaint as legally frivolous under 28 U.S.C. § 1915A. Mr. Bundy appeals.

## II. Standard of Review

Title 28 U.S.C. § 1915A, under which the district court dismissed Mr. Bundy's complaint, is a screening provision that applies to "all prison litigants . . . who bring civil suits against a governmental entity, officer, or employee." *Plunk v. Givens*, 234 F.3d 1128, 1129 (10th Cir 2000). It requires the district court to promptly review the complaint in such a suit and to dismiss it "if the complaint— (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such

-3-

relief." 28 U.S.C. § 1915A(b).  We use different standards of review for a dismissal for frivolousness under § 1915 depending on whether the frivolousness determination turns on a question of fact or of law.  We review a dismissal based on factual frivolousness for abuse of discretion; we review a dismissal based on legal frivolousness de novo.  *Fogle v. Pierson*, __ F.3d __ (10th Cir. 2006).

### III.  Analysis

### A.

Mr. Bundy's basic claim is that he should not have been forced to choose between participation in SOTMP—which provided his only avenue for parole, and in which he was required to take unwanted psychotropic medication—and his desire to be free from being forced to take medication that he believes to be medically inappropriate.  Conditioning his eligibility for parole on his agreement to take Prozac, he argues, violates his recognized and "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs."  *Washington v. Harper*, 494 U.S. 210, 221 (1990).

The district court construed his argument differently.  It said that

> Mr. Bundy clearly is trying to blame his reclassification and transfer as a result of his behavioral problems on being required to accept recommended medications as a condition of phase two participation. Apparently, he maintains that signing the contract concerning the acceptance of medications as a condition of phase two participation, which required him to have to switch from Zoloft to Prozac, resulted in the behavior problems that led to his reclassification and placement.  The Court is not persuaded by Mr. Bundy's logic.

Order at 4. Having concluded that Mr. Bundy was blaming his reclassification and transfer on the unwanted medication, the district court proceeded to evaluate whether Mr. Bundy had a liberty interest in his classification or placement. Not surprisingly, the district concluded that Mr. Bundy had no such interest and dismissed his claim as frivolous.

This analysis does not address Mr. Bundy's argument at its strongest: that conditioning eligibility for parole on signing an agreement to take what he considers medically inappropriate medication violates Mr. Bundy's liberty interest in being free from unwanted medication. Our question is whether this claim is legally frivolous, i.e., whether it "lacks an arguable basis . . . in law." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). We conclude that it does not.

The Supreme Court has recognized a "significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment." *Washington v. Harper*, 494 U.S. at 221-22. *Harper* and this case do differ on a significant point. In both cases there was unwanted administration of antipsychotic drugs, but in *Harper* it was forced on the defendant and in this case the defendant was given an ostensible choice between the drugs and eligibility for parole. We have not considered such a case, but the Seventh Circuit considered a similar one in *Felce v. Fiedler*, 974 F.2d 1484 (7th Cir. 1992). There, the defendant claimed that the state could not

condition his mandatory parole on an agreement to take unwanted antipsychotic drugs "unless antipsychotic drugs are medically necessary and a hearing or some type of fair procedure is used to determine that necessity." *Id.* at 1488. The district court concluded that the plaintiff lacked a liberty interest because he "has a choice. He may refuse to take the drugs and decide instead to return to prison." *Id.* at 1487. The Seventh Circuit reversed. It concluded that the plaintiff had a liberty interest in "being free from the involuntary use of [antipsychotic] drugs," *id.* at 1494, and that therefore the state was required to use "an independent decision-maker in deciding which parolees are proper candidates for antipsychotic drug treatment." *Id.* at 1500. In Mr. Bundy's case, the state of Colorado has made the taking of unwanted antipsychotic drugs a condition only for parole *eligibility*. Denying a prisoner *eligibility* for parole because he refuses to take unwanted antipsychotic drugs, with full notice of the consequences of refusing, might be less troublesome than *revoking* parole for the same refusal. But such a difference would not be so great that it makes Mr. Bundy's argument legally frivolous.

Mr. Bundy's argument also finds support in *United States v. Williams*, 356 F.3d 1045 (9th Cir. 2004). There, the plaintiff challenged the district court's decision to sentence him to three years of supervised release and, as a condition of that release, to require him to take "such psychotropic and other medications

prescribed for him by physicians treating his mental illness." *Id.* at 1047. The Ninth Circuit reversed the sentence, holding that, because of the plaintiff's "strong constitutionally-based liberty interest in avoiding unwanted antipsychotic medication," *id.* at 1055-56, the district court was required to "make on-the-record, medically-grounded findings that court-ordered medication is necessary" before imposing mandatory medication as a condition of supervised release. *Id.* at 1057. Again, this case differs from Mr. Bundy's because making unwanted medication a condition for supervised release might be a greater imposition than making it a condition for parole eligibility. Even so, this difference does not make Mr. Bundy's argument legally frivolous.

We do not decide whether the government violates the Due Process Clause of the Fourteenth Amendment when it forces an inmate to choose between taking unwanted antipsychotic drugs and eligibility for parole. Upon due consideration, the district court and this Court may find *Felce* and *Williams* distinguishable, or may not adopt the reasoning of those decisions for this Circuit. But given Mr. Bundy's constitutionally protected liberty interest and the holdings of other courts of appeals, we cannot treat such an argument as frivolous.

**B.**

Mr. Bundy also argues that the deliberate indifference of individual officials operating under the Colorado prison regulation rose to the level of

"conscience-shocking" and therefore violated the "substantive component of the Due Process Clause." We cannot tell whether this is a different claim, or merely a different form of words for the same claim. There is not much difference between Mr. Bundy's allegation the Defendants violated his "liberty interest in avoiding the unwanted administration of psychotropic medication," R. 3 at 4.17, and his allegation that "Defendants Martinez and McCullar acted with deliberate indifference with respect to [this] liberty interest," *id.* at 4.18. Given the requirement that we construe a pro se complaint liberally, however, we remand this claim to the district court, along with the first, to give the Plaintiff an opportunity to develop it, if indeed it is a separate claim. The Plaintiff should bear in mind the principle that a substantive due process claim is unavailable when the plaintiff could bring the same claim under an "explicit textual source of constitutional protection." *Graham v. Connor*, 490 U.S. 386, 395 (1989). *See County of Sacramento v. Lewis*, 523 U.S. 833, 842 (1998); *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1203 (10th Cir. 2003). That principle may apply also to generalized "shocks the conscience" substantive due process claims that duplicate more specific claims of violation of established fundamental rights. Because the district court did not treat this claim separately, however, we remand it for further consideration.

## IV. Conclusion

We **REVERSE** the judgment of the United States District Court for the District of Colorado and **REMAND** for further proceedings not inconsistent with this opinion. Appellant's motion to proceed without prepayment of the appellate filing fee is **GRANTED**. The Appellant is reminded to continue making any

remaining partial payments towards the balance of his assessed fees and costs until they are paid in full.

Entered for the Court,

Michael W. McConnell
Circuit Judge

-9-