**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 3, 2006**

**TENTH CIRCUIT**

ZARISSA LIRIEL QZ'ETAX, also
known as Sean Dorn,

        Plaintiff-Appellant,

v.

JOE ORTIZ, Executive Director of the
Colorado Department of Corrections;
JAMES MICHAUD, Chief Mental
Health Officer of the Colorado
Department of Corrections; MARK
DIAMOND, Chief Medical Officer of
the Colorado Department of
Corrections,

        Defendants-Appellees.

No. 05-1316

(D.C. No. 04-CV-377-WYD-CBS)

(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **McKAY,** and **EBEL**, Circuit Judges.

After examining the briefs and the appellate record, this panel has

determined unanimously that oral argument would not materially assist the

determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

The case is therefore ordered submitted without oral argument.

This is a pro se state prisoner civil rights appeal. Appellant, a Colorado inmate, asserted three 42 U.S.C. § 1983 civil rights claims against employees of the Colorado Department of Corrections ("CDOC"). The claims relate to CDOC Administrative Regulation 700-14 ("A.R. 700-14"), which addresses the medical treatment of prisoners with gender identity disorder. First, Appellant claims that A.R. 700-14 both facially, and as applied to her individually, violates the Eighth Amendment by being deliberately indifferent to a transsexual prisoner's need for medical treatment. Second, Appellant claims that application of A.R. 700-14 violates the Equal Protection Clause because (1) it treats inmates who were diagnosed and treated for gender identity disorder prior to their incarceration differently from those who were not, and (2) it treats prisoners with gender identity disorders differently from prisoners who suffer from other ailments.

As to Appellant's Eighth Amendment claims, the magistrate judge stated that "[a]lthough Plaintiff [Appellant] has sufficiently stated in her Complaint that gender identity disorder is an objectively serious medical condition, she has not stated with sufficiency how A.R. 700-14 as enacted by Defendant Ortiz is deliberately indifferent to the condition. . . . [A] mere difference in opinion regarding the proper course of treatment is not tantamount to deliberate indifference." Recommendation, 5-6 (Apr. 27, 2005, D. Colo.). The magistrate

judge also noted that Appellant had been provided treatment for her condition while in prison.

Equal Protection claims, like this one, that do not involve a fundamental right or suspect classification, are subject to a rational basis review. *See Brown v. Zavaras*, 63 F.3d 967, 972 (10th Cir. 1995) (affirming the dismissal of an equal protection claim alleging the denial of estrogen treatment to a transsexual prisoner). The magistrate judge stated that "[r]easonably conceivable facts demonstrate a rational basis for the policy's different treatment of inmates who were taking hormonal medications prior to incarceration versus those who were not" and recommended that this claim of Appellant also be dismissed.

Appellant filed an objection to the magistrate judge's recommendation that her action be dismissed with prejudice. The district court therefore conducted a de novo review of the magistrate judge's determination and affirmed and adopted the recommendations of the magistrate judge. Order Affirming and Adopting United States Magistrate Judge's Recommendation (June 14, 2005, D. Colo.).

In addition, the district court issued an order denying Appellant's leave to proceed on appeal, stating that "[p]ursuant to 28 U.S.C. § 1915(a)(3), the court finds that this appeal is not taken in good faith because plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal." Order Denying Leave to Proceed on

Appeal Pursuant to 28 U.S.C. § 1915 and Fed. R. App. P. 24 (July 20, 2005, D. Colo.). While we have not yet determined whether the standard of review of an order denying leave to appeal under § 1915 is de novo or abuse of discretion, we would reach the same decision under either standard in this case and affirm the district court's denial of leave to appeal. *See Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000).

Appellant's motion to proceed without prepayment of fees is granted. Appellant is reminded that she must continue making partial payments until the filing fee is paid in full.

Finally, we have no objection to Appellant's motion for the continued usage of proper female pronouns and will continue to use them when referring to her.

We have carefully reviewed the briefs of Appellant and Appellee, the magistrate judge's recommendation, the district court's disposition, and the record on appeal. We are in accord with the district court's dismissal and its denial of leave to appeal, and for substantially the same reasons set forth by the district court in its Order Affirming and Adopting United States Magistrate Judge's Recommendation of June 14, 2005, we **AFFIRM** the district court's dismissal with prejudice of Appellant's § 1983 complaint.

Entered for the Court

Monroe G. McKay
Circuit Judge