**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 18, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWARD ALLEN,

      Plaintiff - Appellant,

v.

ARISTEDES ZAVARAS; J.
HASSENFRITZ; MS. GRAHAM;
COLORADO DEPARTMENT OF
CORRECTIONS; CORRECTIONS
CORPORATION OF AMERICA,

      Defendants - Appellees.

No. 11-1020
(D.C. No. 08-CV-02506-ZLW-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **HARTZ**, and **HOLMES**, Circuit Judges.[**]

      Plaintiff-Appellant Edward Allen, a state prisoner appearing pro se, appeals

from the district court's grant of summary judgment in part and dismissal in part

of his 42 U.S.C. § 1983 civil rights complaint against various correctional

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

facilities and their officials.  Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

Background

Mr. Allen, a convicted sex offender, has been incarcerated since May 14, 2004.  R. 8.  On April 29, 2008 Mr. Allen was transferred to the Kit Carson Correctional Center ("KCCC"), as ordered by Defendant Aristedes Zavaras, the Executive Director of the Colorado Department of Corrections ("DOC").  Id. at 9.  KCCC is a private facility operated by Corrections Corporation of America ("CCA").  On May 6, 2008, Mr. Allen was moved to the "Echo B Unit" of KCCC with another inmate, also a sex offender.  Id.  Some time after he was moved to the "Echo B Unit," two gang member inmates approached Mr. Allen and his cellmate, demanding that they pay rent because they were sex offenders.  Id.  Mr. Allen and his cellmate refused to pay, and the gang members assaulted them.  Id.  Mr. Allen did not suffer any injury, but his cellmate suffered sore ribs.  Id.  Mr. Allen informed Defendant James Hassenfritz, the Unit Manager, and Mr. Hassenfritz showed Mr. Allen pictures of inmates to help Mr. Allen identify the assailants.  Id.  Mr. Allen and his cellmate were moved to "Echo A Unit" on May 13, 2008.  Id.

On September 10, 2008, Mr. Allen was approached by another gang member in the kitchen bakery area where they both worked.  Id.  The gang

member told Mr. Allen to quit his job because he did not want to work with a sex offender, and then physically assaulted Mr. Allen. Id. Mr. Allen suffered a cut on his hand. Id. Defendant Graham, the kitchen supervisor, moved the gang member to another department in the kitchen. Id. 10.

On October 29, 2008, another gang member—acting on orders from another inmate—attacked Mr. Allen, causing a cut above Mr. Allen's right eye, a black eye, a cut inside his mouth, and a swollen temple, cheek, and lip. Id. One or two days after the assault, the inmate who ordered the assault was moved out of Mr. Allen's unit, but the assailant remained in the same unit. Id.

Mr. Allen filed his civil rights complaint on November 10, 2008, asserting two claims for relief pursuant to 42 U.S.C. § 1983, each alleging Eighth Amendment violations. Id. at 11-14. In claim one, Mr. Allen alleged that Mr. Hassenfritz, Ms. Graham, and the CCA violated his Eighth Amendment rights because they were deliberately indifferent to his safety. Id. at 11-12. In claim two, he alleged that Mr. Zavaras and the DOC ("DOC Defendants") violated his Eighth Amendment rights by instituting a policy of placing sex offenders with gang members. Id. at 13-14. He sued the individual defendants in their individual capacities for nominal, emotional, and punitive damages and sought injunctive relief against the DOC. Id. at 8. He initially sought injunctive relief against CCA, but later disclaimed any intent to seek such relief. Id. at 76.

Defendants Hassenfritz and the CCA jointly filed a motion to dismiss

pursuant to Fed. R. Civ. P. 12(b)(6). Id. at 41. Defendants Zavaras and the DOC filed a separate motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Id. at 17.

On November 12, 2009, the magistrate judge recommended granting the CCA's and Mr. Hassenfritz's motion to dismiss under Rule 12(b)(6) and dismissing the claim against Ms. Graham, who is not employed by the CCA and was apparently never served with a complaint, as legally frivolous pursuant to 28 U.S.C. § 1915A. Allen v. Zavaras, No. 08-cv-02506-ZLW-BNB, 2009 WL 6633305, at *6-*7 (D. Colo. Nov. 12, 2009). The magistrate also recommended granting the DOC Defendants' motion to dismiss with respect to the DOC because of Eleventh Amendment immunity, but denying it with respect to Mr. Zavaras. Id. at *3-*6. The district court adopted these recommendations in full on June 28, 2010. Allen v. Zavaras, No. 08-cv-02506-ZLW-BNB, 2010 WL 2640198 (D. Colo. June 28, 2010).

Mr. Allen and Mr. Zavaras then filed cross motions for summary judgment. R. 79, 85. On November 2, 2010, the magistrate recommended that Mr. Zavaras's motion be granted and Mr. Allen's motion be denied, and the district court adopted these recommendations on December 1, 2010. Allen v. Zavaras, No. 08-cv-02506-ZLW-BNB, 2010 WL 4977834 (D. Colo. Nov. 2, 2010); R. 152. Final judgment in favor of all Defendants was entered on December 3, 2010. R. 154. Mr. Allen timely appealed, alleging the same arguments.

- 4 -

## Discussion

The Eighth Amendment's prohibition against cruel and unusual punishment imposes a duty on prison officials to protect inmates from violence at the hands of other prisoners. Farmer v. Brennan, 511 U.S. 825, 833 (1994). To establish an Eighth Amendment violation based on an official's failure to protect, the inmate must show that (1) the alleged deprivation is objectively, "sufficiently serious," meaning the inmate "is incarcerated under conditions posing a substantial risk of serious harm" and (2) the prison official acted with "deliberate indifference," meaning the official knew of and disregarded an excessive risk to the inmate's safety. Id. at 834, 837; Howard v. Waide, 534 F.3d 1227, 1236 (10th Cir. 2008). Prison officials cannot be held liable, however, where they know of a risk to inmate safety and respond reasonably to it. Farmer, 511 U.S. at 844.

In addition, to establish liability of a prison official under § 1983, the inmate must prove "an affirmative causal connection between the actions taken by a particular person 'under color of state law' and the constitutional deprivation." Tafoya v. Salazar, 516 F.3d 912, 922 (10th Cir. 2008) (quotation marks and citations omitted). "The relevant inquiry is whether an official's acts or omissions were the cause—not merely a contributing factor—of the constitutionally infirm condition." Id. (quotation marks and citation omitted). With these principles in mind, we turn to Mr. Allen's claims against each Defendant.

A.    Defendants CCA and Mr. Hassenfritz

We review a dismissal pursuant to Rule 12(b)(6) de novo. Gallagher v. Shelton, 587 F.3d 1063, 1067 (10th Cir. 2009). To survive a motion to dismiss, the complaint must allege facts that state a claim for relief that is plausible on its face; conclusory allegations alone are not sufficient. Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009).

The only factual allegation Mr. Allen has made regarding Mr. Hassenfritz's knowledge of the assaults is that after the attack in the Echo B Unit, he told Mr. Hassenfritz, the unit manager, about the attack, and Mr. Hassenfritz helped Mr. Allen identify the assailants. R. 11. Mr. Allen was subsequently moved to a different unit, without any other attacks in Mr. Hassenfritz's unit. Id. Thus, even assuming Mr. Allen was exposed to a sufficiently serious risk of harm, Mr. Hassenfritz cannot be held liable on these factual allegations because he responded reasonably to that risk by moving Mr. Allen to a different location. See Farmer, 511 U.S. at 844.

With regard to the CCA, Mr. Allen makes the conclusory allegation that the action or inaction of the CCA staff violated his Eighth Amendment rights. R. 12. A private defendant such as the CCA, can be liable under § 1983, see Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003),[1] but dismissal is

---

[1] See also Smedley v. Correction Corp. of Am., 175 F. App'x 943, 946 (10th Cir. 2005) (unpublished) (CCA can be liable pursuant to § 1983 under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).

appropriate where, as here, the plaintiff has failed to adequately allege an underlying constitutional violation by one of its employees. See Graves v. Thomas, 450 F.3d 1215, 1218 (10th Cir. 2006).

B.    Defendant Graham

The district court adopted the magistrate's recommendation to dismiss the claim against Ms. Graham as frivolous under 28 U.S.C. § 1915A. R. 153. "[T]his court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion," Plunk v. Graves, 234 F.3d 1128, 1130 (10th Cir. 2000) (citation omitted), but we need not resolve that question because we find no reversible error under either standard.

A complaint is frivolous if "it lacks an arguable basis either in law or fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). The only factual allegation Mr. Allen has made regarding Ms. Graham's knowledge of the assaults is that after he was assaulted in the kitchen, Ms. Graham, the kitchen supervisor, moved the assailant to another department in the kitchen. R. 9-10. Mr. Allen was not assaulted again in the kitchen. Assuming Mr. Allen was exposed to a sufficiently serious risk of harm, Ms. Graham cannot be held liable because she responded reasonably to that risk by moving the assailant to a different location. See Farmer, 511 U.S. at 844.

C.    Defendant DOC

We review de novo the decision to dismiss a claim based on Eleventh Amendment immunity.  Robinson v. Kansas, 295 F.3d 1183, 1188 (10th Cir. 2002).  Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought.  Steadfast Ins. Co. v. Agricultural Ins. Co., 507 F.3d 1250, 1252-53 (10th Cir. 2007).  The district court was correct in dismissing the claim against the DOC for injunctive relief because, as we have previously held, the DOC is an agency of Colorado that is entitled to Eleventh Amendment immunity.  See Griess v. Colorado, 841 F.2d 1042, 1044-45 (10th Cir. 1988).

D.    Defendant Zavaras

We review the district court's grant of summary judgment de novo, but because the district court granted summary judgment in favor of Mr. Zavaras based on qualified immunity, our summary judgment standards are subject to a somewhat different analysis from other summary judgment rulings.  Toevs v. Reid --- F.3d ----, 2011 WL 2437782, at *3 (10th Cir. June 20, 2011).  "[T]o avoid judgment for the defendant based on qualified immunity, the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue."  Id. (quotation marks and citations omitted).  "We may address these questions in whatever order is

appropriate under the circumstances." Id. (citation omitted).

Mr. Allen argues that Mr. Zavaras has a policy of exposing sex offenders to violence by placing them with gang members who target sex offenders. We recently held that a plaintiff may succeed in a § 1983 suit against a defendant supervisor by showing "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010) (quotation marks, citation, and footnote omitted), cert. denied 131 S. Ct. 2150 (2011). We conclude that Mr. Allen has failed to show that Mr. Zavaras acted with deliberate indifference, the state of mind required to establish an Eighth Amendment violation.

Mr. Allen argues that Mr. Zavaras knows that Mr. Allen has been targeted by gang members, yet he has failed to present evidence that Mr. Zavaras had *actual* knowledge of the alleged risk to his safety, as required for a showing of deliberate indifference. See Tafoya, 516 F.3d at 916 ("An official's failure to alleviate a significant risk of which he was unaware, no matter how obvious the risk or how gross his negligence in failing to perceive it, is not an infliction of punishment and therefore not a constitutional violation."). In addition, he claims that he was told that if he became "sex offender compliant," then he would be moved to a sex offender pod. R. 118-19. While troubling, he admitted that the

statement was not made by Mr. Zavaras, and he has not shown that Mr. Zavaras had actual knowledge of this statement. Id.

We recognize that

if an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was longstanding, pervasive, well-documented, or expressly noted by prison officials in the past, and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk and thus must have known about it, then such evidence could be sufficient to permit a trier of fact to find that the defendant-official had actual knowledge of the risk.

Howard, 534 F.3d at 1236 (quoting Farmer, 511 U.S. at 842-43). But Mr. Allen has not shown that Mr. Zavaras has been exposed to any information regarding his condition; therefore Mr. Zavaras is entitled to qualified immunity.

Mr. Allen claims that Mr. Zavaras cannot be entitled to qualified immunity because he is being sued in his official capacity for injunctive relief. See Beedle v. Wilson, 422 F.3d 1059, 1069 (10th Cir. 2005) ("A qualified immunity defense is only available to parties sued in their individual capacity." (citation omitted)). In his complaint, however, Mr. Allen stated that he was suing Mr. Zavaras in his individual capacity for nominal, punitive, and emotional damages. See R. 8. In any event, summary judgment in favor of Mr. Zavaras was proper because Mr. Allen has failed to show that Mr. Zavaras acted with deliberate indifference. See Callahan v. Poppell, 471 F.3d 1155, 1159-60 (10th Cir. 2006) (affirming grant of summary judgment in favor of defendants, including prison officials in their

official capacities, where plaintiff failed to show deliberate indifference).

Accordingly, we affirm the district court's dismissal of Mr. Allen's claims against Defendants Hassenfritz, Graham, the CCA, and the DOC and its grant of summary judgment in favor of Defendant Zavaras. All other requests for relief are denied. We grant IFP status and remind Mr. Allen of his obligation to make partial payments until the filing fee is paid.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge