**F I L E D**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY LYNN GALES,

      Petitioner - Appellant,

v.

LOUIS BRUCE, Warden; PHILL
KLINE, Attorney General of the State
of Kansas,

      Respondents - Appellees.

No. 04-3414
(D. Kansas)
(D.Ct. No. 04-CV-3300-SAC)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

Petitioner-Appellant Gregory Lynn Gales, a state prisoner appearing *pro*

*se*,[1] seeks a certificate of appealability ("COA") allowing him to appeal the

_____

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318
F.3d 1183, 1187 (10th Cir. 2003).

district court's order denying his petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Because we conclude Gales has not exhausted his state court remedies, we deny a COA and dismiss the appeal.  *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999).

The parties are familiar with the facts and we need not restate them here. On appeal, Gales reasserts the claims he presented below, specifically that his Fourteenth Amendment Due Process rights were violated in his state court criminal proceedings as they pertained to his right to a speedy trial, the admissibility of evidence, the lack of a probable cause hearing and the use of a defective complaint and affidavits.  Gales acknowledged to the district court that the issues raised in his habeas petition were not raised in his direct appeal, nor did he pursue any state post-conviction relief under KAN. STAT. ANN. § 60-1507.  The district court dismissed Gales' habeas petition without prejudice for failure to exhaust his state court remedies.

After careful consideration of the materials submitted by Gales against a backdrop of the state court record, the district court's conclusions are not reasonably debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 327 (2003).  In this appeal, Gales does not allege that he has exhausted his state court remedies, but rather argues the district court erred because it "has no jurisdiction to judge what arises out of [the] direct appeal process."  (R., Application for COA at 3.)

Gales misapprehends 28 U.S.C. § 2254(b)(1).

For substantially the same reasons set forth by the district court, we **DENY**

Gales' request for a COA and DISMISS the appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge