**F I L E D**

**UNITED STATES COURT OF APPEALS**

**May 16, 2007**

**TENTH CIRCUIT**

GREGORY LYNN GALES,

     Plaintiff - Appellant,

v.

BRUCE GATTERMAN, District
Judge, 24th District; MARK FRAME,
County Prosecutor; STATE OF
KANSAS; SHAWN MINIHAN,
Appellate Defender; SANDRA CARR,
Appellate Defender,

     Defendants - Appellees.

No. 07-3022
(D.C. No. 06-CV-3330-SAC)
(D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

    Plaintiff-Appellant Gregory Lynn Gales, a state prisoner proceeding pro se,

appeals from the district court's judgment dismissing (without prejudice) his 42

U.S.C. § 1983 civil rights complaint pursuant to 28 U.S.C. § 1915A(b).  Mr.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

Gales alleges that his constitutional rights were violated by the state district court's release of evidence in his criminal case while his petition for certiorari was pending before the United States Supreme Court. He sued the state district judge, the state prosecutor, and his state appellate counsel, alleging they had all conspired to violate his constitutional rights by releasing the evidence. Exercising jurisdiction pursuant to 28 U.S.C. § 1291, we affirm.

Under the Prison Litigation Reform Act, the district court is required to review complaints from prisoners seeking redress from officers or employees of a governmental entity and to dismiss a complaint, or any portion thereof, that, inter alia, fails to state a claim or seeks monetary relief from a defendant who is immune from suit. See id. § 1915A(b)(1)-(2). The screening procedure is applicable even where, as here, the plaintiff pays the entire filing fee. Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000). Because dismissals for failure to state a claim and for seeking monetary relief from a defendant who is immune are legal questions, we review them de novo. See McBride v. Deer, 240 F.3d 1287, 1289 (10th Cir. 2001). In conducting our review, we construe pro se pleadings liberally, applying a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam).

The district court held that the state district judge and the state prosecutor were protected from suit by absolute immunity. See Gales v. Gatterman, No. 06-3330-SAC, 2007 WL 121394, at *1 (D. Kan. Jan 12, 2007). This holding is

undoubtedly correct. A judge is typically immune from a suit for money damages. Mireles v. Waco, 502 U.S. 9, 9 (1991) (per curiam). This immunity extends to all judicial acts, i.e., those acts normally performed by a judge. Stump v. Sparkman, 435 U.S. 349, 362 (1978). A judge is not deprived of immunity because he simply commits an error, acts maliciously, or even acts without judicial authority. Id. at 356. A judge only loses immunity when he acts in a complete absence of jurisdiction. Id. In this case, Mr. Gales alleges the state district judge violated his constitutional rights by issuing a court order releasing evidence to the victim's mother in a criminal case over which that judge was presiding. This act is well within the scope of absolute judicial immunity.

The state prosecutor is also protected by absolute immunity. "Absolute prosecutorial immunity is a complete bar to a suit for damages under 42 U.S.C. § 1983." Mink v. Suthers, – F.3d –, 2007 WL 1113951, at *11 (10th Cir. 2007). Prosecutors are "absolutely immune from those activities intimately associated with the judicial phase of the criminal process." Id. (internal quotation marks omitted). In this case, it appears that the state prosecutor approved the state district court's order releasing the evidence, verifying that it would no longer be needed for prosecutorial purposes. This act was clearly within the judicial phase of the criminal process and protected by absolute immunity.

The district court dismissed the claims against Mr. Gales's appellate attorneys because Mr. Gales failed to allege how either attorney acted under color

of state law, a requisite element of his § 1983 claim.  See 42 U.S.C. § 1983; Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).  While Mr. Gales charges that all the defendants were acting in conspiracy, we have reviewed the record and find no facts alleged that support this conclusion.  Mr. Gales simply fails to explain how his appellate attorneys acted under color of state law.  Accordingly, the district court correctly determined that Mr. Gales failed to state a claim against these two defendants.

Finally, Mr. Gales's appellate brief devotes several paragraphs to denouncing the district court below for its supposed prejudice and bias.[1]  These same accusations were levied by Mr. Gales against the district court in his response to its order to show cause why his suit should not be dismissed.  The district court construed this remonstrance as a request for recusal or disqualification, and correctly denied it.  Adverse rulings by a district judge are not sufficient grounds for recusal or disqualification.  See Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997) (internal citations omitted).  Aside from Mr. Gales's disagreement with the district court's correct legal rulings, there is no evidence to suggest prejudice or bias on the part of the district court.

We agree with the district court that any pending actions in state court present no obstacle to the dismissal of this suit.  Mr. Gales may seek habeas relief after he has exhausted the appropriate state remedies.  See Gales v. Bruce, 136 F.

---

[1]  Mr. Gales similarly castigated this court.

- 4 -

App'x 179 (10th Cir. 2005) (denying a COA to Mr. Gales on the basis that he failed to exhaust state court remedies).

AFFIRMED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge