FILED
United States Court of Appeals
Tenth Circuit

July 1, 2008

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY LYNN GALES,

        Petitioner-Appellant,

        v.

SAM CLINE, Warden; STEVEN SIX,
Attorney General of the State of
Kansas,

        Respondents-Appellees.

No. 08-3124
(Case No. 07-CV-03282-SAC)
(D. Kan.)

**ORDER**[*]

Before **O'BRIEN**, **McKAY**, and **GORSUCH**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks to appeal the district

court's dismissal of his § 2254 habeas petition as time barred.

In September 2001, Petitioner was convicted of murder and arson by a

Kansas jury. His conviction and sentence were affirmed on direct appeal, and

both the Kansas and United States Supreme Courts denied review. Petitioner then

filed his first federal § 2254 habeas petition. On September 30, 2004, the district

court dismissed the petition without prejudice for failure to exhaust, noting that

---

[*] This order is not binding precedent, except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the issues raised in the petition had not been raised on direct appeal and that Petitioner had not sought state collateral review pursuant to Kan. Stat. Ann. § 60-1507. The district court advised Petitioner that the one-year limitations period for federal habeas review of his conviction began running on June 1, 2004, and that his filing of this federal habeas action did not toll the running of the limitations period. The court stated: "Accordingly, if petitioner elects to appeal the order and judgment by this court entered this date herein, the one year limitation period in 28 U.S.C. [§] 2244(d)(1) will continue to run while that appeal is pending in a federal circuit court of appeals." Order at 3, *Gales v. Bruce*, No. 04-3300-SAC (D. Kan. Sept. 30, 2004). Despite this warning, Petitioner chose to seek a certificate of appealability and wait for a decision from this court before seeking state post-conviction relief. We denied his request for a certificate of appealability on June 21, 2005, *Gales v. Bruce*, 136 F. App'x 179 (10th Cir. 2005), and Petitioner began the process of seeking state post-conviction relief in January 2006. After he exhausted his state court remedies, he filed the instant § 2254 petition in 2007.

The district court found that the instant petition was time-barred by the statute of limitations. The period for Petitioner to seek habeas review of his state conviction expired in June 2005. He did not file a state petition within the limitations period, and his federal filing could not statutorily toll the limitations period. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). The district court

-2-

rejected Petitioner's arguments that the court had erred in dismissing Petitioner's earlier habeas petition and that the court should waive the limitations period because the state court had entertained his state post-conviction action without a time bar. The district court concluded that these assertions lacked legal merit and provided no basis for excusing the untimely filing of the instant habeas petition.

Petitioner must obtain a certificate of appealability to challenge the district court's denial of his § 2254 habeas petition. *See Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000). When the district court denies a habeas petition on procedural grounds, we will issue a certificate of appealability only if the prisoner shows that jurists of reason would find it debatable both "whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In his application for a certificate of appealability, Petitioner essentially argues that this court is at fault for the expiration of the limitations period because we did not rule on his earlier petition until after the limitations period had run. We note, however, that Petitioner was specifically warned that the limitations period would continue to run while his appeal was pending, and neither this court nor the district court prevented Petitioner in any way from filing for state post-conviction relief before the expiration of the limitations period. We see no basis for statutory or equitable tolling in any of the materials presented by

Petitioner to the district court and this court.

Having carefully reviewed Petitioner's brief and application for a certificate of appealability, the district court's disposition, and the record on appeal, we conclude that reasonable jurists would not debate the correctness of the district court's procedural ruling. Accordingly, for substantially the reasons set forth by the district court, we **DENY** Petitioner's request for a certificate of appealability and **DISMISS** the appeal.

Entered for the Court


Monroe G. McKay
Circuit Judge