**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 17 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

WALDO MACKEY,

    Plaintiff-Appellant,

v.

MIKE WEBB, Mail Room Sgt. C.S.P.;
D.R. McKIBBIN, Step I Grievance
Officer; STEPHEN SCHUH, Step II
Grievance Officer; ANTHONY A.
DECESARO, Step III Grievance
Officer; LARRY REID, Warden; JOE
ORTIZ, Executive Director,

    Defendants-Appellees.

No. 03-1400
(D. Colo.)
(D.Ct. No. 03-Z-886)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA,** Chief Circuit Judge, **PORFILIO**, and **BRORBY**, Senior Circuit
Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

---

[*] This order and judgment is not binding precedent except under the doctrines of
law of the case, *res judicata* and collateral estoppel. The court generally disfavors the
citation of orders and judgments; nevertheless, an order and judgment may be cited under
the terms and conditions of 10th Cir. R. 36.3.

this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1.9(G). The case is therefore ordered submitted without oral argument.

Appellant Waldo Mackey, a state prisoner appearing pro se, appeals an order of the district court dismissing his civil rights action as frivolous under 28 U.S.C. § 1915(e)(2)(B). The district court determined his appeal was not taken in good faith and thus denied Mr. Mackey's motion to proceed on appeal in forma pauperis pursuant to 28 U.S.C. § 1915. Mr. Mackey renews his § 1915 motion to this court. Because we find his appeal frivolous, we dismiss Mr. Mackey's appeal and deny his motion to proceed in forma pauperis.

Mr. Mackey initiated a 42 U.S.C. § 1983 suit alleging prison officials violated his First and Fourteenth Amendment rights by confiscating blank legal forms mailed to him by a private individual. He also asserted the officials violated his right to access the courts by preventing him from receiving "outside help."

Pursuant to § 1915(e)(2)(b), the district court dismissed Mr. Mackey's complaint as frivolous. The court accurately noted:

> [T]he right of access to the courts extends only as far as protecting
> an inmate's ability to prepare initial pleadings in a civil rights action

regarding his or her current confinement or in an application for a writ of habeas corpus. *See Wolff v. McDonnell*, 418 U.S. 539, 576 (1974); *Carper v. DeLand*, 54 F.3d 613, 617 (10th Cir. 1995). A prisoner claiming a denial of access to the courts must allege some actual injury in his ability to pursue a nonfrivolous legal claim. *See Lewis v. Casey*, 518 U.S. 343, 349-55 (1996); *Penrod v. Zavaras*, 94 F.3d 1399, 1403 (10th Cir. 1996) (per curiam).

The court then concluded "Mr. Mackey's ... claims lack[] merit because he fails to allege that he has suffered any actual injury in his ability to file an initial pleading asserting a nonfrivolous claim in a civil rights action regarding his current confinement or in a habeas corpus action."

Mr. Mackey appeals the dismissal of his complaint. In addition to renewing the allegations in the complaint, Mr. Mackey argues the district court erred in construing both his claims as access to the courts claims. He further complains the district court did not address the facts of his case and did not construe his complaint liberally in light of his status as a pro se litigant. Although Mr. Mackey generally argues his claims are not frivolous, he does not address the determinative issue underlying the dismissal of his complaint: whether he suffered an actual injury as a result of the alleged constitutional violation.

We construe Mr. Mackey's pro se appeal liberally, applying a less stringent

standard than we would to a formal brief drafted by a lawyer. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Although the Tenth Circuit has not determined whether the dismissal of a complaint as frivolous should be reviewed for abuse of discretion or de novo, *see Plunk v. Givens*, 234 F.3d 1128, 1130 (10th Cir. 2000), we need not resolve the issue in this case because we reach the same conclusion under either standard.

After reviewing Mr. Mackey's appellate brief and the record on appeal, we dismiss this appeal as frivolous for substantially the same reasons set forth in the district court's order. We conclude the district court properly construed the allegations in Mr. Mackey's complaint, and properly dismissed the complaint as frivolous because it failed to identify an actual injury. Because Mr. Mackey's appellate brief similarly fails to address the issue of whether he suffered any injury, it is likewise frivolous.

**Conclusion**

We deny Mr. Mackey's motion to proceed in forma pauperis under § 1915(a)(1) and **DISMISS** this appeal pursuant to 28 U.S.C. § 1915(e)(2)(B). Thus, Mr. Mackey is responsible for the immediate payment of the unpaid balance of the appellate filing fee. Our dismissal of this appeal as frivolous counts as a

strike pursuant to 28 U.S.C. § 1915(g).  The district court's dismissal of his complaint as frivolous also counts as a strike.  *See Jennings v. Natrona County Det. Ctr. Med. Facility*, 175 F.3d 775, 780-81 (10th Cir. 1999).  Mr. Mackey has an additional strike based on the dismissal of Case Number 97-CV-1101 in the District of Colorado.  Accordingly, Mr. Mackey has three strikes and will be denied in forma pauperis status in any civil action filed in a federal court unless he is in imminent danger of physical injury.  28 U.S.C. § 1915(g).

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge