**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

JOHNATHAN C. LARGE,

      Petitioner–Appellant,

v.

STATE OF OKLAHOMA,

      Respondent–Appellee.

No. 14-6053
(D.C. No. 5:14-CV-00107-F)
(W.D. Okla.)

**ORDER AND JUDGMENT AND ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **TYMKOVICH**, and **PHILLIPS**, Circuit Judges.

      Johnathan Large appeals the district court's dismissal of his pro se 42 U.S.C.

§ 1983 civil rights claims and 28 U.S.C. § 2254 habeas corpus claims. Exercising

jurisdiction under 28 U.S.C. § 1291, we affirm the district court's dismissal of his § 1983

claims. We deny a certificate of appealability ("COA") as to Large's habeas claims.

---

      [*] After examining appellant's brief and the appellate record, this panel has
determined unanimously that oral argument would not materially assist the determination
of this appeal. See Fed. R. App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It may
be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

**I**

Large is an inmate in the custody of the Oklahoma Department of Corrections.  In February 2014, he filed a document which the district court construed as asserting both § 1983 and habeas claims against the State of Oklahoma and the District Court of Beckham County.  The district court ruled that all of Large's § 1983 claims were barred by the Eleventh Amendment.  It further concluded that his § 1983 claims against the District Court of Beckham County were frivolous under 28 U.S.C. § 1915 because they repeated claims Large raised in three prior cases.  Finally, the district court held that Large's § 2254 claims were also duplicative of prior filings.  It dismissed all claims without prejudice.  Large timely appealed.

**II**

**A**

We review a dismissal based on Eleventh Amendment immunity de novo. Chamber of Commerce of U.S. v. Edmondson, 594 F.3d 742, 760 (10th Cir. 2010).  The Eleventh Amendment ordinarily grants a state immunity from suits brought in federal court by its own citizens or those of another state.  Id.  The immunity extends to arms of the state.  Peterson v. Martinez, 707 F.3d 1197, 1205 (10th Cir. 2013).  Large challenges on several grounds the district court's determination that sovereign immunity bars his § 1983 claims against both Oklahoma itself and the District Court of Beckham County.

First, Large appears to argue that sovereign immunity does not apply to due process or equal protection claims.[1] The Eleventh Amendment does not prevent suit: "(1) when Congress has abrogated the states' immunity, as in legislation enacted to enforce the Fourteenth Amendment; [or] (2) when a state waives its immunity." Pettigrew v. Okla. ex rel. Okla. Dep't of Pub. Safety, 722 F.3d 1209, 1212 (10th Cir. 2013). But § 1983, the statutory basis of Large's claims, does not abrogate a state's sovereign immunity. Quern v. Jordan, 440 U.S. 332, 339-40 (1979). And Oklahoma has not waived its Eleventh Amendment immunity for such claims. Okla. Stat. tit. 51, § 152.1(B).

Large also raises two procedural objections. He contends that the court improperly based its ruling on unpublished decisions. But the district court cited unpublished decisions for their persuasive value, which is appropriate under the Federal Rules of Appellate Procedure and the Tenth Circuit Local Rules. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1. Large also argues that several entities were not informed of or did not participate in his case. The district court properly screened Large's pleading prior to service under 28 U.S.C. § 1915A(a). To the extent Large argues that the non-participation of various individuals constitutes an implied waiver of sovereign immunity,

---

[1] Because Large is proceeding pro se, we construe his filings liberally. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

courts require "an express waiver of immunity before permitting suit." Elwell v. Okla. ex rel. Bd. of Regents of the Univ. of Okla., 693 F.3d 1303, 1315 (10th Cir. 2012).

**B**

In addition to dismissing Large's claims against the District Court of Beckham County as barred by sovereign immunity, the district court also concluded those claims were frivolous under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i). We review a district court's determination that a suit is frivolous under § 1915(e)(2)(B)(i) for abuse of discretion. Conkle v. Potter, 352 F.3d 1333, 1335 n.4 (10th Cir. 2003). "[T]his court has not yet determined whether a dismissal pursuant to § 1915A on the ground that the complaint is legally frivolous is reviewed de novo or for abuse of discretion." Plunk v. Givens, 234 F.3d 1128, 1130 (10th Cir. 2000). Because we would not reverse the district court's decision under either standard, we need not resolve that question.

Large has brought three prior actions seeking monetary relief from the District Court of Beckham County on the same basis asserted in the case at bar. See Large v. Beckham Cnty. Dist. Ct., No. CIV-13-1243-F, 2014 U.S. Dist. LEXIS 7668 (W.D. Okla. Jan. 22, 2014) (unpublished); Large v. Beckham Cnty. Dist. Ct., No. CIV-13-1276-F, 2014 U.S. Dist. LEXIS 7491 (W.D. Okla. Jan 22, 2014) (unpublished); Large v. Beckham Cnty. Dist. Ct., No. CIV-13-1255-F, 2014 U.S. Dist. LEXIS 832 (W.D. Okla. Jan 6, 2014). "Repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious." McWilliams v. Colorado, 121 F.3d

573, 574 (1997). Because Large's § 1983 claims duplicate those previously dismissed, we affirm the district court's holding of frivolousness.

## III

Large also sought release from imprisonment in his pleading. The district court correctly characterized this request as a demand for § 2254 relief. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (sole remedy for state prisoner seeking release is a writ of habeas corpus). To appeal the district court's dismissal of this claim, Large must obtain a COA. See United States v. Harper, 545 F.3d 1230, 1233 (10th Cir. 2008). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, Large must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quotations omitted).

This case is Large's third challenge to the same indecent exposure conviction. See Large v. Harvanek, No. CIV-13-961-F, 2014 U.S. Dist. LEXIS 74406 (W.D. Okla. June 2, 2014) (unpublished); Large v. Harvanek, No. 13-1003-F, 2014 U.S. Dist. LEXIS 833 (W.D. Okla Jan. 6, 2014) (unpublished). Absent prior authorization from a circuit court, a district court lacks jurisdiction to address the merits of a second or successive § 2254 habeas petition. See In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

Large has not obtained such authorization from this court, nor do we grant it today, because his present claim fails to show that he has been denied any constitutional rights, and only repeats allegations from his prior habeas claims. Thus, the district court lacked jurisdiction over Large's § 2254 claim, and dismissal without prejudice was appropriate. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1216 (10th Cir. 2006).

## IV

We **AFFIRM** the district court's dismissal of Large's § 1983 claims and its conclusion that Large's claims against the District Court of Beckham County are frivolous under §§ 1915A(b)(1) and 1915(e)(2)(B)(i). That dismissal imposes a strike, Large's third, under the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999). However, we do not impose an additional strike based on this appeal. Id. We **GRANT** Large's motion to proceed in forma pauperis on appeal and remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full. Finally, we **DENY** a COA and **DISMISS** Large's appeal as to his successive § 2254 claims.

Entered for the Court

Carlos F. Lucero
Circuit Judge